*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-1091

IN RE BRIAN S. BROWN, RESPONDENT.

A Member of the Bar

of the District of Columbia Court of Appeals

(Bar Registration No. 399542)

On Report and Recommendation of the Board on Professional
Responsibility Hearing Committee Number Four

Approving Amended Petition for Negotiated Discipline

(BDN 386-14)

(Decided: January 24, 2019)

Before GLICKMAN and FISHER, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R.

XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Hearing Committee Number Four (the Committee) recommends approval of an amended petition for negotiated attorney discipline. Respondent Brian S. Brown's professional misconduct was the result of his intentional failure to pursue his clients' lawful objectives or communicate or reasonably inform them of the status of a judgment.

Respondent acknowledged that he (1) failed to serve a client with skill and care; (2) failed to zealously and diligently represent a client; (3) intentionally failed to pursue clients' lawful objectives; (4) failed to keep clients reasonably informed; and (5) failed to explain matters to a client, thereby violating Rule 1.1 (b), 1.3 (a), 1.3 (b)(1), 1.4 (a), and 1.4 (b) of the District of Columbia Rules of Professional Conduct. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a thirty-day suspension stayed in favor of six months of unsupervised probation. The probation is conditioned on respondent consulting with the D.C. Bar Practice Management Advisory Service about his firm's case management system and providing Disciplinary Counsel with written confirmation of such consultation within the first thirty days of the probationary

period. Further, respondent shall not engage in any misconduct in this or any jurisdiction. If Disciplinary Counsel has probable cause to believe respondent violated the terms of the probation, Disciplinary Counsel may seek to revoke respondent's probation, *see* D.C. Bar R. XI, § 3 and D.C. Board R. 18.3, and request respondent to serve his entire suspension. Additionally, respondent agrees that if probation is revoked and his suspension imposed he must file a D.C. Bar R. XI, § 14 (g) affidavit with this court in order for his suspension to be deemed effective for purposes of reinstatement and must demonstrate fitness prior to reinstatement. After reviewing the amended petition for negotiated discipline, considering a supporting affidavit, and conducting a limited hearing, the Committee concluded that the revised petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a thirty-day suspension from the practice of law stayed in favor of six months of

unsupervised probation is not unduly lenient considering the existence of mitigating factors and the discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Brian S. Brown is hereby suspended from the practice of law in the District of Columbia for thirty days stayed in favor of six months of unsupervised probation. During the probation period respondent shall consult with the D.C. Bar Practice Management Advisory Service about his firm's case management system and provide Disciplinary Counsel with written confirmation of

---

[1] *See generally In re Schoeneman*, 891 A.2d 279 (D.C. 2006) (imposing a four-month suspension for an attorney who neglected three clients in federal court for over a two-year period, misled the clients about the status of their cases, and engaged in the unauthorized practice of law by concealing his suspension from the practice of law from his clients); *In re Dunietz*, 687 A.2d 206 (D.C. 1996) (concluding a thirty-day suspension, with a stay conditioned upon satisfactory completion of probation, was warranted for an attorney, with no prior discipline history, who neglected a single client by failing to act promptly, pursue the client's objectives, and communicate with the client); *see also In re Hallmark*, 831 A.2d 366, 371 (D.C. 2003) (reiterating if the recommended sanction falls within a wide range of acceptable outcomes this court generally adopts and imposes the recommended discipline).

such consultation within the first thirty days of the probationary period and not engage in any misconduct in this or any jurisdiction. If Disciplinary Counsel has probable cause to believe respondent violated the terms of the probation, Disciplinary Counsel may seek to revoke respondent's probation, *see* D.C. Bar R. XI, § 3 and D.C. Board R. 18.3, and request respondent to serve his entire suspension. Additionally, respondent agrees that if probation is revoked and his suspension imposed he must file a D.C. Bar R. XI, § 14 (g) affidavit with this court in order for his suspension to be deemed effective for purposes of reinstatement and must demonstrate fitness prior to reinstatement.

*So ordered.*